IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CT-3044-F

| | | |
|---|---|---|
| KAMAL M. WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JEFF TILLEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

On February 26, 2013, Plaintiff, a federal inmate proceeding pro se, filed this action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Compl. [DE-1]. Plaintiff seeks to proceed in forma pauperis under 28 U.S.C. § 1915 [DE-3], and the matter is now before the court for frivolity review pursuant to § 1915(e)(2)(B).

In reviewing an in forma pauperis application, a court "shall dismiss" any case that is "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A case is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94

(2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Here, Plaintiff challenges a disciplinary conviction, which resulted in the loss of good time credits, that he received on or about July 20, 2010. Compl. [DE-1], pp. 2-4. Plaintiff contends that he was convicted in violation of his right to due process. Id. He also alleges that Defendants "falsif[ied] . . . government documents" to secure his conviction. Id. at p. 4. As relief, Plaintiff requests monetary damages. Id. However, to recover money damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must show that the underlying conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Edwards v. Balisok, 520 U.S. 641, 643, 648 (1997) (extending Heck v. Humphrey, 512 U.S. 477, 486–87 (1994), to inmate disciplinary convictions). "A district court must undertake a case specific analysis to determine whether success on the claims would necessarily imply the invalidity of a conviction or sentence." Thigpen v. McDonnell, 273 F. App'x 271, 272 (4th Cir. 2008) (per curiam) (unpublished). Although Heck does not apply to all suits challenging prison disciplinary proceedings,[1] Plaintiff claims violations of his due process rights and challenges the sufficiency of

---

[1] See Muhammad v. Close, 540 U.S. 749, 751 (2004) (per curiam) ("Heck's requirement to resort to state litigation and federal habeas before § 1983 is not . . . implicated by a prisoner's

2

the evidence against him. Thus, Plaintiff challenges the validity of his disciplinary convictions. See Edwards, 520 U.S. at 645–47. Because Plaintiff's disciplinary convictions have not been overturned or otherwise invalidated, he cannot proceed with his Bivens claims concerning his disciplinary convictions. See Williams v. Schario, 93 F.3d 527, 529 (8th Cir.1996) (holding that Heck barred claims of false testimony and malicious prosecution, which, if vindicated, would have implied that claimant's criminal conviction was invalid).

For these reasons, Plaintiff's claim is frivolous and his complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Clerk of Court is DIRECTED to close this case.

SO ORDERED. This 18th day of September, 2014.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

---

challenge that threatens no consequence for his conviction or the duration of his sentence.").